UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILLIAM HAMES,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**TOWNSQUARE MEDIA, INC.,**<br><br>**Defendant.** | **1:24-cv-03875 (ALC)**<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

In an Opinion and Order issued on September 29, 2025, this Court granted Defendant Townsquare Media, Inc.'s ("Defendant" or "Townsquare") motion to dismiss. *See* ECF No. 40; *Hames v. Townsquare Media, Inc.*, No. 1:24-CV-03875 (ALC), 2025 WL 2771675, at *1 (S.D.N.Y. Sept. 29, 2025) ("Opinion & Order"). Plaintiff William Hames ("Plaintiff") now moves for reconsideration of that decision. For the reasons set forth below, Plaintiff's motion is **DENIED.**

## BACKGROUND

The Court has previously detailed the factual history of this case. *See* Opinion & Order at 1. The Court assumes the parties' familiarity with the facts and procedural history of the case and will only outline the background as relevant to the Court's analysis herein. William Hames ("Plaintiff" or "Hames") brings this action for copyright infringement of his photograph, specifically Defendant's display of Plaintiff's photograph of George Lunch, as incorporated into the thumbnail image for a YouTube video reported upon and embedded into Defendant's article on that video. On October 2, 2024, Townsquare filed its second motion to dismiss, arguing Plaintiff's Amended Complaint should be dismissed for failure to state a claim on two bases. *See* ECF No. 33. First, Defendant argued that Plaintiff fails to establish substantial similarity because

any infringement would be *de minimis*. Second, Defendant argued that any infringement was fair use. On September 29, 2025, this Court issued an Opinion and Order granting Defendant's motion to dismiss. While the Court rejected the argument that any alleged infringement was inactionable as *de minimis* use, the Court ultimately found that Defendant established the affirmative defense of fair use, resulting in dismissal of the case. Specifically, in considering the totality of the factors, the Court found that "the first and fourth factors weigh in favor of Townsquare, while the second factor favors Hames and the third is neutral." *See* Opinion & Order at 18. The Court also noted "the limited impact of the second factor given Townsquare's transformative use" and thus found Defendant established the affirmative defense of fair use. On October 28, 2025, Plaintiff filed a motion for reconsideration of the Opinion & Order. *See* ECF Nos. 48, 49. On November 12, 2025, Defendant filed its memorandum of law in opposition, and on November 20, 2025, Plaintiff filed his reply memorandum of law in support. *See* ECF Nos. 53, 54.

**STANDARD OF REVIEW**

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks and citations omitted). "The standard for granting a motion for reconsideration is strict." *RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 445 (S.D.N.Y. 2017). "A motion for reconsideration should be granted only when [the movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d

99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted).

"[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). "Parties should not regard such a motion as an opportunity to take a second bite at the apple." *Pascazi v. Rivera*, No. 13 Civ. 9029 (NSR), 2015 WL 5783944, at *1 (S.D.N.Y. Oct. 1, 2015) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and alteration marks omitted).

**DISCUSSION**

Plaintiff moves for reconsideration of the Order & Opinion, arguing the Court committed clear error of law in overlooking "controlling Second Circuit (*Romanova v. Amilus Inc*, 138 F.4th 104, 110 (2d Cir. 2025)) and Supreme Court (*Andy Warhol Found. For the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 547 n.21 (2023) (hereinafter "*Warhol*")) decisions." *See* ECF No. 49 at 2. To be clear, Plaintiff concedes the Court cited to and applied both *Romanova* and *Warhol* in its analysis in the Opinion & Order but argues the Court misapplied the caselaw.

First, Plaintiff contends it was clear error for the Court to find that the first factor favors Defendant. *See* ECF No. 49 at 5. Plaintiff argues the Court failed to consider "the importance of considering the transformative purpose of the use, together with commerciality and the degree of transformation under the first factor." *See id*. at 2. To support this argument, Plaintiff provides that the Court "overlook[ed] the requirement under *Warhol* that district courts address commerciality

first, and then look at the degree to which the secondary use was transformative." *See id*. at 4. The portion of *Warhol* relied upon by Plaintiff provides as follows:

> [T]he first fair use factor considers whether the use of a copyrighted work has a further purpose or different character, which is a matter of degree, and the degree of difference must be balanced against the commercial nature of the use. If an original work and a secondary use share the same or highly similar purpose, and the secondary use is of a commercial nature, the first factor is likely to weigh against fair use, absent some other jurisdiction for copying.

598 U.S. at 532-33.

In encouraging the Court to reach a different conclusion, Plaintiff puts forward the same arguments already put before the Court and considered in its Order & Opinion. These arguments include the fact that Townsquare runs advertising alongside its news articles, that the Article at issue included insufficient commentary on the Photograph or Video and should not have been embedded, and that the Court should have adopted Plaintiff's characterization of the Article's meaning and purpose over Townsquare's. *See* ECF No. 53 at 3. While these arguments were already considered by the Court, Plaintiff seems to ask the Court to reconsider these arguments under Plaintiff's interpretation of *Warhol* and *Romanova*.

However, Plaintiff's argument that the Court disregarded the commerciality of the secondary use in concluding the use was transformative is incorrect. This Court acknowledged in its analysis that "[t]he commercial nature of the secondary use is also relevant . . . where it is found to be transformative courts 'do not place much significance on that fact due to the transformative nature of the work." *See* ECF No. 40 at 7 (internal quotations and citations omitted). While Plaintiff creatively argues for a more expansive reading of *Warhol* to encourage the Court to reach a different conclusion, Plaintiff is incorrect in his interpretation of the caselaw. Defendant is correct that "*Warhol* did not call for commerciality to be addressed 'first.'" *See* ECF No. 53 at 5. As

Defendant points out, *Warhol* "called for a first-factor analysis that balances whether the secondary use has a different, non-substitutive purpose against whether the secondary use is commercial, but always considers ultimately whether the secondary use is justified in light of its purpose." *See id*. As noted above, the Court conducted just this balancing in its analysis. Further, the Second Circuit added to this guidance in *Romanova*, noting the importance of "examining the *justification* offered by the copier for the use." 138. F.4th at 112 (citation omitted) (emphasis in original). Indeed, this Court recognized this in its Opinion & Order, emphasizing that "Hames concedes that Townsquare played no role 'in the selection or composition of the' Thumbnail… This litigation then takes aim not at the Podcast's initial use of the copyrighted Photograph in the Thumbnail, but at Townsquare's publication of the Thumbnail in its Article about the Podcast." *See* Opinion & Order at 8. As we previously stressed, "[t]his distinction is important because courts have found fair use in similar circumstances." *See id*.

Contrary to Plaintiff's assertions, the Court acknowledged the commercial nature of the secondary use and its relevance, but nonetheless found that the transformative nature of the use was sufficient such that the commercial use was not as significant. As such, Plaintiff's argument that the Court's Opinion & Order "plainly does not discuss the degree of transformation" is unavailing. *See* ECF No. 54 at 1. Indeed, as this Court previously held, "[t]he presence of the Photograph was incidental to Townsquare's embedding of the Video and therefore transformative of the Photograph's original purpose to capture Lynch." *See* ECF No. 40 at 11. Plaintiff has failed to provide any compelling arguments that the Court erred in finding as such. As the Court considered the relevant facts and law and decided accordingly, there is no need to "correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tarikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013), and the Court denies Plaintiff's request for the

"extraordinary remedy" of granting their motion for reconsideration on this ground. *Drapkin v. Mafco Consolidated Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011).

Second, Plaintiff argues the Court overlooked *Romanova* and *Warhol* in its "analysis of the fourth factor regarding the effect on the market of the original work." *See* ECF No. 49 at 2. Specifically, Plaintiff contends that the Court "failed to consider 'whether, if the challenged use becomes widespread, it will adversely affect the potential market for the copyrighted work' and the market for any derivative work." However, the Court clearly addressed this in its Order & Opinion, finding "there is little risk that someone looking to license or purchase an image [of Lynch] would select the [Thumbnail] instead of the Photograph, thereby potentially diverting revenue to Townsquare from Hames." *See* Opinion & Order at 17-18 (internal quotations and citations omitted). Further, the Court reasoned that because "the Thumbnail includes two other musicians and text referencing the Chuck Shute Podcast, it would not be a desirable option for someone looking to acquire an image of Lynch on his own, like the Photograph." *See id*. at 18 (internal citation omitted).

Accordingly, because Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104, Plaintiff's motion for reconsideration is denied.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 48.

**SO ORDERED.**

**Dated: July 7, 2026**

**New York, New York**

**ANDREW L. CARTER, JR.**

**United States District Judge**